IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE GEORGE MARTINEZ,

    Petitioner,

vs.   No. CIV 19-0235 JB/KRS

RICHARD MARTINEZ,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed March 18, 2019 (Doc. 1)("Petition"). The Court will dismiss the Petition, because Petitioner Steve George Martinez is not entitled to relief under 28 U.S.C. § 2254.

## FACTUAL AND PROCEDURAL BACKGROUND

S. Martinez filed his Petition in this Court on March 18, 2019. See Petition at 1. In his Petition, Martinez challenges his conviction and sentence in State of New Mexico cause no. D-202-CR-2017-01282. See Petition at 1. The underlying facts, as described by S. Martinez' defense counsel on direct appeal, are as follows:

> [O]n 18 March 2017, in the early morning, Mr. Martinez-Appellant was driving on Lomas Boulevard in the City of Albuquerque, County of Bernalillo, State of New Mexico. He approached a sobriety checkpoint. Rather than stopping Mr. Martinez drove through the checkpoint. According to officers' testimony and the trial court's order, Albuquerque Police Department (APD), Officer Jared Frazier was the first officer to make contact with Mr. Martinez as he proceeded through the checkpoint. Officer Frazier testified, during the evidentiary hearing and at trial, that while using his flashlight to indicate to Mr. Martinez to stop, that he, Officer Frazier, made eye contact with the Mr. Martinez, noticed that Mr. Martinez was the only person in the truck, noticed that Mr. Martinez did not stop at the checkpoint, and was almost struck by the side mirror of the truck. Officer Frazier testified that he called out the license plate number on the truck over the

radio. As Mr. Martinez drove away Police Service Aides threw a stop stick under the truck's tires. The stop stick flattened the truck's tires. Officer Brown testified at the evidentiary hearing and at trial that he was also working the checkpoint and that he followed the truck driving on deflated tires. The truck continued driving on the rims of the truck after the tires had fallen away. Officer Brown testified that he then observed the Mr. Martinez exit [t]he truck and start walking away from him on the on ramp to the interstate highway. Officer Brown chased and arrested Mr. Martinez after Officer Luthi used his patrol car to block Mr. Martinez's path. Mr. Martinez was taken back to the road block by Officer Luthi in an effort by Officer Luthi to ensure Mr. Martinez was the person that fled the road block. While near the road block, with Mr. Martinez in the back seat of the patrol car, Officer Brown asked Officer Frazier if Mr. Martinez was the person that Officer Frazier saw fleeing the road block. During a search of the truck, following Mr. Martinez's arrest, several beer cans were discovered in the back seat of the truck. Shortly thereafter, Mr. Martinez was taken for a breath test. Mr. Martinez, after receiving the Implied Consent Act Advisory, refused to submit a breath test.

State of New Mexico v. Martinez, D-202-CR-2017-01282, Docketing Statement at 3-4, filed March 13, 2018.[1] A jury convicted S. Martinez on one count of aggravated driving while under the influence of intoxicating liquor (eighth or subsequent offense), two counts of resisting, evading, or obstructing an officer, and one count of reckless driving. See Petition at 1; State v. Martinez, 2018 WL 5994196 at *1 (N.M. Ct. App. 2018). Judgment was entered on the convictions on January 17, 2018. See Petition at 1.

S. Martinez appealed his convictions and sentence to the Court of Appeals of New Mexico. His direct appeal raised three issues: (i) double jeopardy; (ii) error by the trial judge in denying a

---

[1] The Court has reviewed the official record in Martinez's State court proceedings through the Supreme Court of New Mexico's Secured Online Public Access and takes judicial notice of the official New Mexico court records. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(holding that a court may take judicial notice of publicly filed records concerning matters that bear directly upon the disposition of the case at hand); Stack v. McCotter, 79 F. App'x 383 (10th Cir. 2003)(unpublished opinion)(holding that a state court's docket sheet is subject to judicial notice under Fed. R. Evid. 201); Shoulders v. Dinwiddie, No. CIV-06-890-C, 2006 WL 2792671 (W.D. Okla. 2006)(Cauthron, J.)(holding that a court may take judicial notice of state court records available on the world wide web).

motion to suppress Officer Frazier's show-up identification; and (iii) sufficiency of the evidence to support the conviction for aggravated DWI.  See State v. Martinez, 2018 WL 5994196 (N.M. Ct. App. 2018).   The Court of Appeals of New Mexico affirmed in part and reversed in part S. Martinez' convictions and sentence on direct appeal in an unpublished opinion.  See State v. Martinez, 2018 WL 5994196 at *3.  The Court of Appeals of New Mexico held that one of S. Martinez' two convictions for resisting, evading, or obstructing an officer violated double jeopardy, and reversed and remanded for the district court to vacate that conviction.  See State v. Martinez, 2018 WL 5994196 at *2.  The Court of Appeals of New Mexico affirmed S. Martinez' convictions and sentence in all other respects.  See State v. Martinez, 2018 WL 5994196 at *3.  The Supreme Court of New Mexico denied certiorari on November 16, 2018.

On remand, the State district court vacated one of the convictions for resisting, evading, or obstructing an officer and re-sentenced S. Martinez.  See State of New Mexico v. Martinez, D-202-CR-2017-01282, Amended Judgment and Sentence, filed July 11, 2019.  S. Martinez did not appeal from the Amended Judgment and Sentence and did not file a state court habeas corpus petition.  After the Court of Appeals of New Mexico had ruled, but before the trial court entered the Amended Judgment, S. Martinez filed his Petition in this Court on March 18, 2019.  See Petition at 1.  In his Petition, Martinez raises three grounds for relief:

> There was insufficient evidence of aggravated DWI.  On the night in question officer's Jason Brown/Christopher Luthi pursuing the truck at no time transmit via radio that the hit a car or missed some pedestrians nor had any footage via unit cam showing the truck was driven recklessly.
>
> . . . .
>
> Show-up identification violated due process.  Officer Frazier casted out the truck's license via radio when Officer Brown and Officer Luthi caught up to the pursuit, Officer Brown arrested Petitioner, there was no need to transport Petitioner back to the check point to be identified in handcuffs in the back of a squad car (it inherently

suggestive).

. . . .

Reckless driving violating double jeopardy. Petitioner's conviction for reckless driving is subsumed within the resisting/evading convictions-the conduct is unitary and punishment cannot be had for both.

See Petition at 5-8. S. Martinez requests that the Court "reverse/vacate on due process and double jeopardy grounds." Petition at 15.

## STANDARDS FOR § 2254 REVIEW

S. Martinez is proceeding in this Court under 28 U.S.C. § 2254. A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Habeas corpus relief is not limited to immediate release from illegal custody, but is available as well to attack future confinement and obtain future releases. See Peyton v. Rowe, 391 U.S. 54, 66-67 (1968). Habeas relief is available to obtain restoration of good time credits, resulting in shortening of the length of the petitioner's sentence. See Preiser v. Rodriguez, 411 U.S. 475, 487-88 (1973).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 sets limits on a federal court's power to grant an application for a writ of habeas corpus. If, as in this case, the application includes claims that have been adjudicated on the merits in state court proceedings, § 2254(d) expressly limits federal court review. Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2). Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." Wilson v. Sellers, 584 U.S. ___, 138 S.Ct. 1188, 1192 (2018). The standard is highly deferential to the State court rulings and demands that the State court be given the benefit of the doubt. See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254. Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of the time of the relevant State-court decision. Williams v. Taylor, 529 U.S. 362, 412 (2000). Under § 2254(d)(1), a State court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06. A State court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A State court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams v. Taylor, 529 U.S. at 407-08. A district court

undertakes this objective unreasonableness inquiry in view of the governing rule's specificity: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. See Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the State court decision applied clearly established federal law erroneously or incorrectly -- the application must also be unreasonable. See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. See Harrington v. Richter, 562 U.S. at 102.

**I.      THE COURT WILL NOT GRANT S. MARTINEZ RELIEF ON HIS SUFFICIENCY OF THE EVIDENCE CLAIM.**

The first ground S. Martinez raises is a question of sufficiency of the evidence to support his aggravated DWI conviction. He asserts: "There was insufficient evidence of aggravated DWI. On the night in question officer's [sic] Jason Brown/Christopher Luthi pursuing the truck at no time transmit via radio that the hit a car or missed some pedestrians nor had any footage via unit cam showing the truck was driven recklessly." Petition at 5. A sufficiency-of-the-evidence challenge in a habeas petition presents a mixed question of fact and law. See Brown v. Sirmons, 515 F.3d 1072, 1089 (10th Cir. 2008). Applying both 28 U.S.C. § 2254(d)(1) and (d)(2), the reviewing court must ask, when reviewing the evidence's sufficiency, whether the facts are correct and whether the State court properly applied the law to the facts. See Brown v. Sirmons, 515 F.3d at 1089 (quoting Maynard v. Boone, 468 F.3d 665, 673 (10th Cir. 2006)).

As in this case, a sufficiency challenge in a habeas petition generally focuses on evidence of guilt for the crimes charged. In Jackson v. Virginia, 443 U.S. 307, 319 (1979), a pre-AEDPA

decision, the Supreme Court held that such evidence is sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In federal habeas proceedings, where the State court resolves a sufficiency challenge on the merits, the AEDPA "adds an additional degree of deference," Diestel v. Hines, 506 F.3d 1249, 1267 (10th Cir. 2007), and the question becomes whether the State court's conclusion that the evidence was sufficient constituted an unreasonable application of the Jackson v. Virginia standard, see Patton v. Mullin, 425 F.3d 788, 796 (10th Cir. 2005). See also Coleman v. Johnson, 566 U.S. 650, 132 S.Ct. 2060, 2062 (2012)(per curiam). The United States Court of Appeals for the Tenth Circuit refers to this standard of review as "'deference squared.'" Young v. Sirmons, 486 F.3d 655, 666 n. (10th Cir. 2007)(quoting Torres v. Lytle, 461 F.3d 1303, 1313 (10th Cir. 2006)); Hooks v. Workman, 689 F.3d 1148, 1165-66 (10th Cir. 2012).

The Court of Appeals of New Mexico held expressly that the evidence presented at trial is sufficient to uphold Martinez' convictions. State v. Martinez, 2018 WL 5994196 at *2-3. The Court of Appeals of New Mexico states:

> As we have previously stated in this case, to the extent that Defendant's challenge to the sufficiency of the evidence focuses on the identification of him as the person who drove through the DWI checkpoint, we disagree that the evidence insufficiently identified Defendant based on the testimony of the officers, which shows that Defendant was continuously observed from the DWI checkpoint to his ultimate capture. The evidence established that Defendant fled the DWI checkpoint, fled after having his tires flattened, drove on his rims, stopped the truck, and ran away on the highway, in a constant attempt to flee from police. This evidence of the extreme efforts Defendant took to avoid contact with police and capture supports an inference of a consciousness of guilt. *See, e.g., State v. Morales*, 2002-NMCA-052, ¶ 31, 132 N.M. 146, 45 P.3d 406, *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6. Also, a search of Defendant's truck revealed several beer cans in the backseat. After his arrest, Defendant refused to submit to a breath test. *See State v. Marquez*, 2009-NMSC-055, ¶ 16, 147 N.M. 386, 223 P.3d 931 (noting that a jury can reasonably infer consciousness of guilt from defendant's refusal to submit to a breath test), *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6; NMSA 1978, Section 66-8-102(D)(3) (2016)

("Aggravated driving under the influence of intoxicating liquor or drugs consists of . . . refusing to submit to chemical testing, as provided for in the Implied Consent Act, . . . and in the judgment of the court, based upon evidence of intoxication presented to the court, the driver was under the influence of intoxicating liquor or drugs.")

Viewing the evidence in the light most favorable to the verdict and indulging in all reasonable inferences, we hold that evidence was sufficient to support Defendant's conviction for aggravated DWI. *See State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (stating our standard of review for assessing the sufficiency of the evidence).

State v. Martinez, 2018 WL 5994196 at *2-3.

The question in this proceeding, then, is whether the Court of Appeals of New Mexico's decision constitutes an unreasonable application of the Jackson v. Virginia standard. See Diestel v. Hines, 506 F.3d at 1267. As the Court of Appeals of New Mexico states, the officers' testimony at trial established the facts. State v. Martinez, 2018 WL 5994196 at *2. The Court of Appeals of New Mexico viewed the evidence in the light most favorable to the verdict and concluded that there is sufficient evidence to convict Martinez. See State v. Martinez, 2018 WL 5994196 at *3. There is nothing in the Court of Appeals of New Mexico's opinion that is inconsistent with or an unreasonable application of Jackson v. Virginia. See Diestel v. Hines, 506 F.3d at 1267. S. Martinez, therefore, is not, eligible for § 2254 relief on his claim of insufficient evidence.

II. **THE COURT WILL NOT GRANT S. MARTINEZ RELIEF ON HIS PROCEDURAL DUE PROCESS CLAIM.**

Ground Two of S. Martinez's Petition asserts a due process violation. See Petition at 7. Martinez asserts:

Show-up identification violated due process. Officer Frazier casted out the truck's license via radio when Officer Brown and Officer Luthi caught up to the pursuit, Officer Brown arrested Petitioner, there was no need to transport Petitioner back to the check point to be identified in handcuffs in the back of a squad car (it inherently suggestive).

Petition at 7. At trial, S. Martinez sought to suppress evidence of Officer Frazier's show-up identification. S. Martinez contends that denial of his motion to suppress was in error and deprived him of due process. See Petition at 7; State v. Martinez, 2018 WL 5994196 at *2.

"Procedural due process ensures that individuals are entitled to certain procedural safeguards before a state can deprive them of life, liberty or property." Becker v. Kroll, 494 F.3d 904, 918 n.8 (10th Cir. 2007). Procedural due process protects the individual against "arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). In general, a plaintiff must make two showings to proceed on a procedural due process claim. See Hennigh v. City of Shanee, 155 F.3d 1249, 1253 (10th Cir. 1998). First, a plaintiff must demonstrate that he possesses a protected liberty or property interest. See Hennigh v. City of Shanee, 155 F.3d at 1253. Second, a plaintiff must show that he was not afforded an appropriate level of process. See Hennigh v. City of Shanee, 155 F.3d at 1253. "Where procedural due process must be afforded because a 'liberty' or 'property' interest is within the Fourteenth Amendment's protection, there must be determined 'what process is due' in the particular circumstance." Smith v. Org. of Foster Families for Equal. & Reform, 431 U.S. 816, 847 (1977)(no citation for quotation). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333 (1976)(quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

Here, S. Martinez was not deprived of procedural due process. S. Martinez does not demonstrate that he was not afforded an appropriate level of process regarding the officers' identification of him. As the Court of Appeals of New Mexico notes, "Officer Frazier's show-up identification of Defendant was not necessary to establish Defendant's identity, in light of the testimony of Officers Brown, Frazier, and Luthi and the circumstances that flowed from Defendant

driving through the DWI checkpoint." State v. Martinez, 2018 WL 5994196 at *2. Moreover, while S. Martinez may disagree with the State court's ruling on his motion to suppress, he does not allege that he was not afforded an appropriate level of process. S. Martinez, therefore, is not eligible for relief on his due process claim.

### III. THE COURT WILL NOT GRANT S. MARTINEZ RELIEF ON HIS DOUBLE JEOPARDY CLAIM.

In Ground Three of the Petition, S. Martinez raises a double jeopardy argument. See Petition at 8. S. Martinez claims:

> Reckless driving violating double jeopardy. Petitioner's conviction for reckless driving is subsumed within the resisting/evading convictions-the conduct is unitary and punishment cannot be had for both.

Petition at 8. At the trial court level, Petitioner was convicted of two counts of resisting/evading an officer. See Petition at 1; State v. Martinez, 2018 WL 5994196 at *1. On direct appeal, S. Martinez argued that the two convictions for resisting or evading violate double jeopardy principles. The Court of Appeals ruled in S. Martinez' favor on this double jeopardy argument. State v. Martinez, 2018 WL 5994196 at *1-2. The Court of Appeals of New Mexico remanded the case with directions for the State district court to vacate one of the resisting or evading convictions. The trial court vacated one of the convictions and entered an Amended Judgment. State of New Mexico v. Martinez, D-202-CR-2017-01282, Amended Judgment and Sentence filed July 11, 2019. S. Martinez filed his § 2254 Petition in the Court after the Court of Appeals of New Mexico remanded the case but before the Amended Judgment was entered in State court, and his Petition makes reference to both resisting or evading convictions. See Petition at 1, 8. Because S. Martinez obtained relief on his double jeopardy claim in State court that his two convictions for

resisting or evading violated double jeopardy, he cannot seek any further relief on that claim in this Court.

In his state court direct appeal, S. Martinez also sought to raise a second double jeopardy claim -- that his reckless driving conviction and his convictions for resisting or evading constitute double jeopardy.  See State v. Martinez, 2018 WL 5994196 at *1-2.  The Court of Appeals of New Mexico held that, as to this second double jeopardy claim, the Court would not consider the issue, because of his delay in raising it until after the Court's proposed summary disposition.  State v. Martinez, 2018 WL 5994196 at *2.  To the extent S. Martinez is trying to raise this second double jeopardy issue in this case, the State court's rejection of Martinez's second double jeopardy issue on procedural grounds serves as a bar to habeas corpus relief on the issue in this Court.  See Coleman v. Thompson, 501 U.S. 722, 729-32 (1991).

> The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds. See Wainwright v. Sykes, 433 U.S. 72, 81 . . . (1977); Ulster County Court v. Allen, 442 U.S. 140, 148 (1979).

Coleman v. Thompson, 501 U.S. at 729-30.  The State court's decision that S. Martinez failed to raise his second double jeopardy claim in a timely manner rests on independent and adequate State procedural grounds, barring S. Martinez's claim in this Court.

Further, even if S. Martinez' second double jeopardy argument was not procedurally barred, Martinez would not be entitled to relief on that ground.  The Fifth Amendment to the United States Constitution, U.S. Const. amend. V, contains the federal double jeopardy clause, which prohibits "multiple punishments for the same offense."  Warnick v. Booher, 425 F.3d 842, 847 (10th Cir. 2005)(citing Jones v. Thomas, 491 U.S. 376, 381 (1989)).  When a criminal defendant alleges multiple punishments, the federal district court must determine whether the State

sentencing court imposed greater punishment than the State legislature intended. Warnick v. Booher, 425 F.3d at 847.  The State court's determination of the Legislature's intent binds a federal court.  See Burleson v. Saffle, 292 F.3d 1253, 1255 (10th Cir. 2002); Birr v. Shillinger, 894 F.2d 1160, 1161 (10th Cir. 1990).  "Once a State court has determined that the State Legislature intended cumulative punishments, a federal habeas court must defer to that determination."  Birr v. Shillinger, 894 F.2d at 1161-62.

If the State Legislature intended to punish the conduct as distinct offenses, separate sentences are constitutionally permissible.  See, e.g., Department of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 778 (1994).  If the Legislative intent is unclear, the Court applies the "statutory elements test."  Lee v. Crouse, 451 F.3d 598, 607 (10th Cir. 2006).  This test requires the Court to determine whether the petitioner's convictions arising under the same statutory provision are based on offenses containing different or the same factual elements of proof.  See Dennis v. Poppel, 222 F.3d 1245, 1251 (10th Cir. 2000).  When two charges involve distinct and separate elements, the Court can infer that the state legislature intended different offenses and punishments.  See Dennis v. Poppel, 222 F.3d at 1252.

Under New Mexico law, the essential elements of the crime of resisting, evading, or obstructing an officer are as follows:

1. [Officer] was a peace officer in the lawful discharge of duty;

2. The defendant knew [Officer] was a peace officer;

3. The defendant knowingly obstructed, resisted or opposed [Officer] in serving or attempting to serve or execute process or any rule or order of any of the courts of this state or any other judicial writ or process; OR [t]he defendant, with knowledge that [Officer] was attempting to apprehend or arrest the defendant, fled, attempted to evade, or evaded [Officer] OR [t]he defendant willfully refused to bring a vehicle to a stop when given a visual or audible signal to stop

> by [Officer], a uniformed officer in an appropriately marked police vehicle; OR [t]he defendant resisted or abused [Officer] in the lawful discharge of [Officer]'s duties.

UJI 14-2215 NMRA (2017).  The essential elements of the crime of reckless driving include: "1. The defendant operated a motor vehicle; 2.  The defendant drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger any person or property." UJI 14-4504 NMRA (2017).  Under New Mexico law, the crimes of resisting or evading and reckless driving involve distinct and separate elements for which New Mexico intended separate punishments, and convictions for both do not violate double jeopardy.  See State v. Soto, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187; State v. Tollardo, 2012-NMSC-008, 275 P.3d 110; State v. Gonzales, 2020-NMCA-022, ¶ 22, 461 P.3d 920, 929-30 (holding that retrial of defendant on charges of aggravated DWI, resisting or evading, and careless driving does not violate double jeopardy).

## **DENIAL OF A CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases state that the Court must grant or deny a certificate of appealability when it enters a final order adverse to the Petitioner.  A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  Under Rule 11 of the Rules Governing Section 2254 Cases, the Court concludes that S. Martinez has not made a substantial showing of denial of a constitutional right and, therefore, the Court will deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed March 18, 2019 (Doc. 1), is dismissed with prejudice; and (ii) a Certificate of Appealability is denied.

                                              _____
                                              UNITED STATES DISTRICT JUDGE

*Parties*:

Steve George Martinez
Las Cruces, New Mexico

    *Plaintiff Pro Se*